*Lararayo v. Lynch*

BIA
Cheng, IJ
A088 437 328

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of August, two thousand fifteen.

PRESENT:
> REENA RAGGI,
> DEBRA ANN LIVINGSTON,
> RAYMOND J. LOHIER, JR.,
> > *Circuit Judges.*

_____

JERONIMO R. LARARAYO, AKA JERONIMO LARA,
> *Petitioner,*

v.

LORETTA E. LYNCH,[*] UNITED STATES ATTORNEY GENERAL,
> *Respondent.*

14-1408
NAC

_____

[*] Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR PETITIONER:**             Visuvanathan Rudrakumaran, Law
                               Offices of Visuvanathan
                               Rudrakumaran, New York, New York.

**FOR RESPONDENT:**             Joyce R. Branda, Acting Assistant
                               Attorney General; Ernesto H.
                               Molina,Jr., Assistant Director;
                               Andrew N. O'Malley, Trial Attorney,
                               Office of Immigration Litigation,
                               United States Department of Justice,
                               Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jeronimo R. Lararayo, a native and citizen of Mexico, seeks review of an April 2, 2014, decision of the BIA affirming a January 5, 2012, decision of an Immigration Judge ("IJ") denying Lararayo's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jeronimo R. Lararayo,* No. A088 437 328 (B.I.A. Apr. 2, 2014), *aff'g* No. A088 437 328 (Immig. Ct. N.Y. City Jan. 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review both the BIA and the IJ's decisions. *Yun-Zui Guan v. Gonzales*, 432 F.3d

2

391, 394 (2d Cir. 2005) (per curiam). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008) (per curiam).

## I. Asylum

An alien must demonstrate by clear and convincing evidence that his application for asylum was filed within one year of his arrival in the United States. 8 U.S.C. § 1158(a)(2)(B). However, an untimely filing may be excused if the applicant "demonstrates . . . the existence of changed circumstances which materially affect the applicant's eligibility for asylum." *Id.* § 1158(a)(2)(D). Pursuant to 8 U.S.C. § 1158(a)(3), we lack jurisdiction to review the agency's determination that an asylum application is untimely, but retain jurisdiction to review constitutional claims and questions of law. *Id.* § 1252(a)(2)(D); *see Xia Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006).

Lararayo argues that the agency committed legal error by refusing to consider his argument that an increase in cartel violence around 2009 constitutes changed circumstances excusing his untimely filing. This argument raises a question

3

of law over which we retain jurisdiction.  *Shi Jie Ge v. Holder*, 588 F.3d 90, 94-95 (2d Cir. 2009).  However, the IJ considered whether any changed circumstances excused Lararayo's untimely application, explaining at length that his varying explanations were inconsistent with one another and were insufficient to excuse his delay even after conditions in the relevant region of Mexico allegedly deteriorated.

## II. Withholding of Removal and CAT Relief

For asylum applications like Lararayo's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances . . . base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account," and inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 166-67. Here, the agency's adverse credibility determination is supported by substantial evidence.

The IJ reasonably relied on Lararayo's inability to testify in any detail about his activities as a police officer.  This

4

was a reasonable basis for an adverse credibility determination, as Lararayo's past employment was the basis for his claims for relief. *Zhou Yun Zhang v. INS*, 386 F.3d 66, 74 (2d Cir. 2004), *overruled on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007) (en banc).

Lararayo presented proof that both he and his brother were police officers, but the documents he submitted were substantially different from one another. The IJ reasonably relied on this inconsistency and was not required to credit Lararayo's explanation for it. *Zhou Yun Zhang*, 386 F.3d at 74; *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). Moreover, the IJ reasonably found that Lararayo's credibility was undermined by his failure to further corroborate his claim that he was a police officer. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam).

Finally, the IJ reasonably relied on her observations of Lararayo's evasive and nonresponsive answers to questions related to the discrepancies between his statements. This Court grants "particular deference" to the IJ's demeanor findings. *Jin Chen v. U.S. Dep't of Justice*, 426 F.3d 104, 113 (2d Cir. 2005).

5

Considering the foregoing, the "totality of the circumstances" supports the IJ's adverse credibility determination. *Xiu Xia Lin*, 534 F.3d at 167. This finding was sufficient to deny withholding of removal and CAT relief, as both forms of relief relied on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006). Because the adverse credibility determination is dispositive, we do not reach Lararayo's additional arguments concerning burden of proof.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6